FILED
United States Court of Appeals
Tenth Circuit

August 5, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TERRY DEAN RICHARDSON,

Defendant-Appellant.

No. 08-6229
(D.C. No. 5:08-CR-00054-L-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

---

Terry Dean Richardson was convicted after a jury trial of eight counts of

possessing or uttering counterfeit securities with the intent to deceive in violation

of 18 U.S.C. §§ 513(a) and 2. He was sentenced to forty-one months'

imprisonment and three years' of supervised release, and ordered to pay a special

assessment and restitution in the amounts of $800.00 and $3,102.50, respectively.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On appeal, he contends that (1) there was insufficient evidence to support his convictions and (2) the trial court erred procedurally in calculating his sentence and substantively in determining the length of his sentence. We affirm.

I.

On June 13, 2007, Mr. Richardson opened a savings account at Yukon National Bank, depositing a cashier's check drawn on Wells Fargo Bank in the amount of $87,650.00. He told Melanie Riemann, who opened the account, that he had sold some land in Texas. The check was deposited, and $5,000.00 was made available immediately, with the balance on hold until the check cleared. On June 18, Mr. Richardson deposited $2,550.00 in money orders. On June 19, he withdrew $2,500.00 from the account. Also that day, the check was returned because it was counterfeit. Ms. Riemann talked to Mr. Richardson about the check, and he indicated that he had sold some land in Oklahoma and he would have to talk to the buyer about why the check was being returned. Additionally, the money orders were determined to be counterfeit. After Mr. Richardson was alerted about all of the counterfeit securities, he deposited $1000.00 in valid money orders in the bank's night deposit. He attempted to pay the remaining $1,500.00 with counterfeit traveler's checks. In all, Mr. Richardson presented eleven counterfeit securities to Yukon National Bank, resulting in a loss to the bank of $1,500.00.

Mr. Richardson had a cash-only account with Allegiance Credit Union. On July 26, 2007, the credit union received a check for $6,135.72 drawn on Bank of America and made out to Mr. Richardson. Employee Moses Njenga notified Mr. Richardson that Allegiance Credit Union had received the check, but could not deposit it. Mr. Richardson explained that the check should have been electronically deposited and if the credit union would not accept it, he would pick it up and take it to another bank. The credit union made an exception to the cash-only rule, deposited the check in Mr. Richardson's account, and placed a hold on it until it cleared. In early August, the check was returned as counterfeit. Upon being told of this by Mr. Njenga, Mr. Richardson apologized and stated that the check might be a scam because he was told to deposit the check and send back some of the proceeds after cashing it. Subsequently, Mr. Richardson presented two more checks to Allegiance Credit Union and asked that they be verified for authenticity. The credit union declined to do so, but held the checks. One check, for $56,382.45, was drawn on the Bank of Montreal, and the other, for $65,500.00, was drawn on the Canadian Imperial Bank of Commerce. About two weeks later, Mr. Richardson presented another check for verification, but Allegiance Credit Union declined to verify the check.

In July 2007, Mr. Richardson opened checking and savings accounts at Bank of the West. He funded the accounts with two cashier's checks and some cash. He claimed that the checks were proceeds from the sale of items on the

internet. Both checks, one for $5,650.00 and drawn on Citizens Bank of Massachusetts and another for $7,200.00 and drawn on Union Bank and Trust Co., were returned as counterfeit. Mr. Richardson presented two other checks for deposit that also were returned as counterfeit: (1) a $4,800.00 cashier's check drawn on PNC Bank; and (2) a $10,150.00 commercial check drawn on Union Bank of California. Additionally, Mr. Richardson deposited counterfeit money orders. In total, Bank of the West lost $552.50 due to withdrawals by Mr. Richardson and fees.

Also, in July 2007, Mr. Richardson presented fraudulent travelers checks at Arvest Bank. When the bank contacted him to repay the money, he deposited counterfeit money orders. In total, Arvest Bank lost $1050.00 in its dealings with Mr. Richardson.

Yukon National Bank and Allegiance Credit Union notified the United States Secret Service about the counterfeit checks. Special Agent Gavin Hartsell interviewed Mr. Richardson. Mr. Richardson told Agent Hartsell that he had responded to several email solicitations from people outside the United States asking for his help in cashing various securities. These people offered him ten percent of the money from the securities that would be sent to him if he would deposit them and wire ninety percent back to the sender. Mr. Richardson was not sure if the first check, presented to Yukon National Bank, was counterfeit, so he represented that it was from the sale of land in Texas. He admitted that after the

first check was returned as counterfeit, he knew the rest were counterfeit but he took them to the banks anyway. Despite knowing the checks were counterfeit, Mr. Richardson hoped that one would be accepted, whether it was real or counterfeit, and that he would make a little money. Additionally, he admitted knowing that the money orders and everything else he was being sent were counterfeit. Mr. Richardson signed a statement to this effect.

Based on this evidence, Mr. Richardson was convicted of eight counts of uttering or possessing counterfeit securities with the intent to deceive an organization in violation of 18 U.S.C. §§ 513(a) and 2.[1] At sentencing, the district court determined that the proper Guidelines range was 41-51 months' imprisonment. The court declined to grant a departure or variance, determining there were no factors under 18 U.S.C. § 3553(a) or the Guidelines warranting either. The court, however, did sentence Mr. Richardson to the low end of the Guidelines range for a term of 41 months' imprisonment.

## II.

### A.

Mr. Richardson first argues that the evidence presented at trial was insufficient to support his convictions. He contends the government failed to

---

[1] Mr. Richardson was found not guilty of seven counts of possessing counterfeit securities with the intent to deceive. These counts were based on the counterfeit securities he had in his possession on the day he was interviewed by Agent Hartsell.

prove beyond a reasonable doubt either that he knew the securities were counterfeit at the time he possessed or uttered them or that he intended to deceive the banks when he possessed or uttered them. According to Mr. Richardson, the evidence raised only a mere suspicion of guilt.

"We review sufficiency of the evidence claims de novo, but examine the evidence in the light most favorable to the government and ask only whether any rational juror could have found [Mr. Richardson] guilty beyond a reasonable doubt." *United States v. Oldbear*, 568 F.3d 814, 822-23 (10th Cir. 2009). "While the evidence supporting the conviction must be substantial and do more than raise a mere suspicion of guilt, it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." *United States v. Erickson*, 561 F.3d 1150, 1158-59 (10th Cir. 2009) (quotation marks omitted), *pet. for cert. filed*, (U.S. June 12, 2009) (No. 08-10987). In reviewing for sufficiency of the evidence, we will not weigh conflicting evidence or consider the credibility of witnesses. *Oldbear*, 568 F.3d at 823.

For a conviction under 18 U.S.C. § 513(a), the government was required to prove beyond a reasonable doubt that Mr. Richardson uttered or possessed a security he knew to be counterfeit and he did so with the intent to deceive another person, organization, or government. *See also* R., Vol. 1, Doc. 32 (jury instruction 15). For a conviction under 18 U.S.C. § 2, the government was required to prove beyond a reasonable doubt that Mr. Richardson aided or abetted

the commission of uttering or possessing counterfeit securities by another person. *See also* R., Vol. 1, Doc. 32 (jury instruction 15).

Viewing the evidence in the light most favorable to the government, we conclude that there was ample evidence to support Mr. Richardson's convictions. With respect to the first check deposited with Yukon National Bank, Mr. Richardson was uncertain whether it was authentic. Instead of honestly telling the bank this, he made up a story that the check was from the sale of land in Texas, and, later, changed the story to a sale of land in Oklahoma. He admitted knowing the checks, after the first one, were counterfeit, and he signed a written statement admitting this. In addition, Mr. Richardson failed to truthfully tell bank employees at Bank of the West the sources of the counterfeit checks he tried to deposit at that bank. He attempted to pay back the amounts he owed to Yukon National Bank and Arvest Bank with counterfeit money orders. And he opened new accounts at Bank of the West after having no success with getting the counterfeit checks accepted at Yukon National Bank or Allegiance Credit Union. Accordingly, Mr. Richardson's challenge to the sufficiency of the evidence fails.

B.

Mr. Richardson next argues that the district court committed procedural error in the methodology used to calculate his sentence and substantive error in determining the length of his sentence. He contends that the district court failed to impose a sentence in conformity with 18 U.S.C. § 3553(a), because the court

did not consider each of the seven separate factors set forth in the statute when determining the appropriate sentence, and, instead, focused only on the Guidelines. If the court had considered all of the § 3553(a) factors, he maintains that he should have received a reasonable sentence of less than forty-one months' imprisonment. Thus, he contends this case should be remanded for resentencing.

We review Mr. Richardson's sentence for reasonableness, "guided by the factors set forth in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (per curiam). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). Failing to consider the § 3553(a) factors is procedural error. *Id.* "A challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence." *Id.* at 804.

Considering procedural error first, we conclude that the district court committed no error. While, it is true that the court did not address each of the § 3553(a) factors individually, the court was aware of its responsibility to consider the factors and did state that no factors under § 3553(a) or under the Guidelines warranted a variance or departure from the Guidelines. Before reaching this conclusion, the district court considered Mr. Richardson's objections to the presentence report. The court agreed with Mr. Richardson that

the appropriate Guidelines range was 41-51 months' imprisonment and that the

loss for which he was accountable would not include the amounts of the checks

found in his home for which the jury found him not guilty of violating §§ 513(a)

and 2. But the court rejected Mr. Richardson's assertion that he merely made

errors in judgment:

> You became a willing participant in a scam and I just can't believe that you were so innocent that you didn't fully know and fully participate in this scam and know what the ultimate object was, and particularly your actions reflect in that when you went in and lied to the banks about what the checks were about. Scams like that, of course, take millions and millions of dollars in continuum, but they don't work unless people like yourself participate and get involved in it and become a willing participant and otherwise the originator of the scam wouldn't ever work, but I think you were an obvious willing participant, you were looking for something for nothing, and you were looking to defraud the bank out of hundreds of thousands of dollars. While the jury found you not guilty, it's also obvious that probably if any of these ever worked you would have kept doing it until you were caught. So I don't feel that there are any factors in all of the Title 18 Section 3553 or under the guidelines that would warrant a variance or a departure from the guidelines.

R., Vol. 3 at 13.

The district court's explanation is sufficient to satisfy us that the court

"ha[d] considered the parties' arguments and ha[d] a reasoned basis for exercising

[the court's] own legal decisionmaking authority." *Rita v. United States*,

551 U.S. 338, 127 S. Ct. 2456, 2468 (2007); *see also United States v.*

*Martinez-Barragan*, 545 F.3d 894, 903 & n.3 (10th Cir. 2008) (declining to

require district court to provide more than general statement of reasons and

rejecting notion that court must explicitly refer to each § 3553(a) factor). Accordingly, we conclude that the district court did not commit procedural error.

In considering the substantive reasonableness and length of Mr. Richardson's sentence, we review for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007). Because the sentence was within the correctly calculated Guideline range, we may apply a presumption of reasonableness. *See id.* Mr. Richardson can rebut that presumption by showing the unreasonableness of the sentence based on the § 3553(a) factors. *See Martinez-Barragan*, 545 F.3d at 905. He, however, has failed to meet his burden. Given the circumstances of this case and the statutory factors, *see United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir.), *cert. denied*, 129 S. Ct. 161 (2008), we conclude that the length of his sentence, at the very bottom of the Guidelines range, was reasonable.

III.

We AFFIRM the district court's judgment.

Entered for the Court


David M. Ebel
Circuit Judge